UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH EDWARD FRANCIS LUNZ,

                Plaintiff,

-against-                           9:17-CV-1331 (LEK/ATB)

ELISABETH O'MEARA,

                Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Joseph Edward Francis Lunz, proceeding pro se, has filed a second amended civil rights complaint bringing claims under 42 U.S.C. Section 1983 ("Section 1983"). Dkt. No. 53 ("Second Amended Complaint" or "SAC"). On March 13, 2018, acting pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court found that the prior amended complaint, Dkt. No. 16 ("Amended Complaint"), was subject to dismissal for failure to state a claim, Dkt. No. 26 ("March 2018 Order").[1] In light of Plaintiff's pro se status, the Court granted him leave to file the Second Amended Complaint now before the Court. Id. at 9–10. Plaintiff was an inmate at Gouverneur Correctional Facility when he commenced this case, but on August 7, 2018, he was released from custody. Docket.

---

[1] After Plaintiff submitted his original complaint, and before the Court undertook an initial review in accordance with §§ 1915(e)(2)(B) and 1915A(b), he submitted his Amended Complaint. That document was identical to the original complaint. Compare Dkt. No. 1 ("Complaint") with Am. Compl.

## II.   DISCUSSION

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to §§ 1915(e)(2)(B) and 1915A(b) was discussed at length in the March 2018 Order and will not be restated in this Decision and Order. See Mar. 2018 Order at 2–4.

In his Amended Complaint, Plaintiff asserted claims against Elizabeth O'Meara, Superintendent of Gouverneur Correctional Facility, based on incidents dating back to 1983, including claims of verbal abuse and fraud. See generally Am. Compl. The Court dismissed Plaintiff's claims against O'Meara without prejudice, finding that (1) certain of Plaintiff's purported claims were time barred; and (2) the Amended Complaint failed to state a claim against O'Meara upon which relief may be granted. Mar. 2018 Order at 6–10.

Plaintiff's Second Amended Complaint still names only O'Meara as a defendant. SAC at 1–2. As with Plaintiff's Amended Complaint, much of Plaintiff's Second Amended Complaint is a series of disjointed allegations, many of which are conclusory and unsubstantiated, making it difficult to discern the actual nature of Plaintiff's claims.

The majority of Plaintiff's Second Amended Complaint is devoted to discussing events that occurred between 1965 and 2014. SAC at 6–25. Plaintiff also alleges that he sent letters to O'Meara in January and February of 2018 regarding his belief that prison officials were delaying delivery of his outgoing mail. Id. at 33–34. The Second Amended Complaint otherwise appears to contain allegations that are materially similar to those made in the Amended Complaint, including allegations about inadequate medical treatment in July 2015 related to an "insect" bite; the confiscation of a "U.S. Army coat" given to Plaintiff by an inmate in November 2016; and

the deduction of five dollars from Plaintiff's inmate account every two weeks since money was deposited into his account in July 2017. Id. at 27, 29, 31.

With regard to Plaintiff's claim that money has been removed from his inmate account since July 2017, the record evidence attached to the Second Amended Complaint shows that this occurred because Plaintiff incurred court filing fees from a prior legal action that was dismissed with prejudice on October 7, 2014. Dkt. No. 53-1 at 10–11; Lunz v. O'Meara, 9:13-CV-1085 (N.D.N.Y. Oct. 7, 2014). "The [In Forma Pauperis] statute does not permit waiver of the mandatory filing fee for federal suits." Cuoco v. U.S. Bureau of Prisons, 328 F. Supp. 2d 463, 467 (S.D.N.Y. 2004) (citing § 1915(e)(2)(a)). "Rather, prisoners must pay the filing fee gradually from their prisoner bank accounts: 'If a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.'" Id. (quoting § 1915(b)(1)). "To collect such a fee, the court may 'assess and, when funds exist collect,' first an initial payment and then smaller payments from the prisoner's account 'until the filing fees are paid.'" Id. (§ 1915(b)). Moreover, Plaintiff does not allege facts that plausibly suggest that O'Meara was personally involved in the deduction of funds from Plaintiff's inmate account.

With regard to Plaintiff's claim that unidentified corrections officials delayed sending his mail, Plaintiff appears to base this claim solely on an allegation that several weeks passed before he received responses to his letters. See SAC at 33. Plaintiff's allegations fail to plausibly suggest that O'Meara was personally involved with the handling of Plaintiff's mail.

Plaintiff otherwise fails to allege facts that plausibly suggest O'Meara's personal involvement in any discernible act of wrongdoing, or that adequately plead the existence of a § 1983 claim upon which relief may be granted.

Thus, after carefully reviewing Plaintiff's Second Amended Complaint, and according it the utmost liberality in light of his pro se status, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006), the Court is not able to discern either a factual or legal basis for this action. For all of the reasons set forth herein and in the March 2018 Order, and because Plaintiff has already had one opportunity to amend his claims, this action is dismissed with prejudice pursuant to §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief may be granted. See Shuler v. Brown, No. 9:07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint.").

## III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that this action is **DISMISSED with prejudice**. The Clerk is directed to terminate O'Meara as a defendant and to close this case; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

DATED:     August 31, 2018
                Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge